Not for Publication

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

- - - - - - - - - - - - - - - - - - - - - - - - - - - - -
                                      )
IN RE:                                )     CASE NO.        99-31833
                                      )
   EDWARD J. WATERS,                  )     CHAPTER         7
                                      )
         DEBTOR.                     )     DOC. I.D. NOS.  594, 600
- - - - - - - - - - - - - - - - - - - - - - - - - - - - -

## APPEARANCES

| | |
|---|---|
| Ann M. Nevins, Esq.<br>Assistant U.S. Attorney<br>U.S. Attorney's Office<br>915 Lafayette Boulevard, Room 309<br>Bridgeport, CT 06604 | Attorney for Movant United States of<br>America, Internal Revenue Service |
| Peter Sklarew, Esq.<br>Attorney, Tax Division<br>U.S. Department of Justice<br>P.O. Box 55<br>Washington, DC 20044 | Attorney for Movant United States of<br>America, Internal Revenue Service |
| Edward J. Waters<br>Avalon Place<br>137 Hollow Tree Ridge Road, #1903<br>Darien, CT 06820 | *Pro Se* Debtor/Movant |
| Joan E. Pilver, Esq.<br>Assistant Attorney General<br>Attorney General's Office<br>Department of Revenue Services<br>55 Elm Street, 5th Floor<br>Hartford, CT 06106 | Attorney for State of Connecticut,<br>Department of Revenue Services |
| Michael J. Daly, Esq.<br>Law Offices of Michael J. Daly, LLC<br>3 Forest Park Drive<br>Farmington, CT 06032 | Chapter 7 Trustee |

**BRIEF MEMORANDUM AND ORDER DENYING (ON THE MERITS)**
**MOTION FOR RECONSIDERATION AND SUSTAINING OBJECTION THERETO**

Lorraine Murphy Weil, United States Bankruptcy Judge

**WHEREAS,** before the court are: (1) the above-referenced debtor's (the "Debtor") motion for reconsideration (Doc. I.D. No. 594, the "Motion")[1] of this court's Memorandum of Partial Decision and Order Re: Motion for Determination of Tax Liabilities (Doc. I.D. No. 590, the "Prior Decision")[2] and (2) the IRS's objection (Doc. I.D. No. 600, the "Objection") to the Motion;

**WHEREAS,** oral argument on the Motion and the Objection was held on May 1, 2008;[3]

**WHEREAS,** in the Prior Decision the court determined (1) that the Debtor (individually) is not entitled to claim an adjustment and/or deduction for either the Mortgage Interest or the Property Taxes with respect to tax year 2001 (the "First Ruling") and (2) the Affirmative Defense does not apply with respect to the Mortgage Interest, the Property Taxes or the Professional Fees (the "Second Ruling");

**WHEREAS,** the Motion argues that the First Ruling and the Second Ruling are erroneous and asks the court to reverse itself;[4]

---

[1] Citations herein to the docket of this title 11 case appear in the following form: "Doc. I.D. No. ___."

[2] Familiarity with the Prior Decision is assumed. All capitalized terms used herein but not otherwise defined shall have the respective meanings ascribed to the same in the Prior Decision.

[3] A transcript of those proceedings appears in the record of this case as Doc. I.D. No. 601 (the "Transcript").

[4] The Motion was untimely filed and could have been denied on that basis alone. *Cf.* D. Conn. L. Civ. R. 7(c)(1) (made applicable by D. Conn. L. Civ. R. 1001-1(b)). However, the court has elected to dispose of the Motion on the merits.

>**WHEREAS,**
>
>[i]n general, three grounds justify granting a motion for reconsideration: (1) an intervening change in controlling law; (2) the availability of newly discovered evidence; and (3) the need to correct clear error or prevent manifest injustice. *Virgin Atlantic Airways, Ltd. v. National Mediation Board,* 956 F.2d 1245, 1255 (2d Cir.), *cert. denied,* 506 U.S. 820, 113 S.Ct. 67, 121 L.Ed.2d 34 (1992). The standard for granting a motion for reconsideration is strict in order to dissuade repetitive arguments on issues that have already been considered fully by the Court. *Shrader v. CSX Transportation, Inc.,* 70 F.3d 255, 257 (2d Cir. 1995). A motion for reconsideration should not serve as a vehicle for relitigating issues already decided. *Shrader,* 70 F.3d at 257; *Dodge v. Susquehanna Univ.,* 796 F.Supp. 829, 830 (M.D. Pa. 1992).

*Metropolitan Entertainment Co., Inc. v. Koplik,* 25 F.Supp. 2d 367, 368 (D. Conn. 1998);

**WHEREAS,** the court has reviewed and considered the Motion, the Objection and the Transcript;

**WHEREAS,** the court concludes that the First Ruling was correct: the Mortgage Interest and the Property Taxes were paid from the Sale Proceeds which were property of the estate, and those items could be deducted only by the estate. (*See* Prior Decision, part V.A.) *See also* 11 U.S.C.A. § 348(f)(1)(A) (West 2008) ("[P]roperty of the estate in the converted case shall consist of property of the estate, as of the date of filing of the petition, that remains in the possession of or is under the control of the debtor on the date of conversion . . . ."). The Debtor's arguments in the Motion and at oral argument do not change that conclusion. In particular, the court determines that the issue of the enforceability of the Stipulation (including the Debtor's reference to *In re Flor,* 166 B.R. 512 (Bankr. D. Conn. 1994), *aff'd*, No. 3:94CV1130, 1995 U.S. Dist. LEXIS 22407 (D. Conn. Mar. 20, 1995), *appeal dismissed,* 79 F.3d 281 (2d Cir. 1996)) is irrelevant to the First Ruling;

**WHEREAS,** the Debtor argues that the Second Ruling is erroneous because the court "used an abridged definition" (Motion at 4-5) of "fraud on the court" and misapplied applicable law with

respect to the Debtor's claim of "fraud on the court" in these proceedings. In *Vanstone v. Comm'r of Internal Revenue,* 166 F.3d 1202, 1998 WL 907832 (2d Cir. Dec. 23, 1988),[5] the Second Circuit said:

> A "fraud upon the court" encompasses that which does, or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery can not perform in the usual manner its impartial task of adjudging cases that are presented for adjudication.

*Vanstone,* 1998 WL 907832, at *1 (internal quotation marks omitted). The court hereby applies that precise standard and such application does not change the result with respect to the Second Ruling;

**WHEREAS,** in *Drobny v. Comm'r of Internal Revenue,* 113 F.3d 670 (7th Cir.), *cert. denied,* 522 U.S. 916 (1997) (also relied upon by the Debtor), the Seventh Circuit said:

> [T]he petitioners were required to demonstrate, not only that the respondent engaged in conduct that was *intended* to mislead the court, but – of paramount importance – that the actual conduct affected the outcome of their case . . . . [I]n order to prove "fraud upon the court," a petitioner seeking to vacate a decision must establish that an intentional plan of deception designed to improperly influence the Court in its decision *has had such an effect on the court*.

*Drobney,* 113 F.3d at 678 (internal quotation marks, citation and footnote omitted; emphasis in original). The Debtor argues that the alleged "fraud on the court" by the IRS and/or its attorneys (the existence of which the court assumes for this purpose only but does not find) had the requisite effect upon this case because it "corrupted" chapter 13 and/or chapter 11 confirmation proceedings. For the reasons stated in the Objection at pages 7 through 10 (inclusive), that argument is not persuasive to the court;

---

[5] *Vanstone* is an unpublished opinion of the Second Circuit but is relied upon by the Debtor in the Motion.

**WHEREAS,** the court has considered the remaining arguments raised by the Debtor in the Motion and his oral argument and deems them to be irrelevant or otherwise unpersuasive;

**NOW, THEREFORE,** for the reasons set forth above, it hereby is **ORDERED** that (a) the Motion be, and hereby is, denied on the merits, (b) the Objection be, and hereby is, sustained on the merits and (c) the court adheres to the Prior Decision (as supplemented hereby).

Dated: July 14, 2008                                                     BY THE COURT

*Lorraine Murphy Weil*
Lorraine Murphy Weil
United States Bankruptcy Judge