Not for Publication

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF CONNECTICUT

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
)
IN RE:                         )    CASE NO.           99-31833
                               )
  EDWARD J. WATERS,            )    CHAPTER            7
                               )
          DEBTOR.              )    DOC. I.D. NOS.     606, 610
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

## **APPEARANCES**

| | |
|---|---|
| Ann M. Nevins, Esq.<br>Assistant U.S. Attorney<br>U.S. Attorney's Office<br>915 Lafayette Boulevard, Room 309<br>Bridgeport, CT 06604 | Attorney for Movant United States of<br>America, Internal Revenue Service |
| Peter Sklarew, Esq.<br>Attorney, Tax Division<br>U.S. Department of Justice<br>P.O. Box 55<br>Washington, DC 20044 | Attorney for Movant United States of<br>America, Internal Revenue Service |
| Edward J. Waters<br>Avalon Place<br>137 Hollow Tree Ridge Road, #1903<br>Darien, CT 06820 | *Pro Se* Debtor/Movant |
| Joan E. Pilver, Esq.<br>Assistant Attorney General<br>Attorney General's Office<br>Department of Revenue Services<br>55 Elm Street, 5th Floor<br>P.O. Box 120<br>Hartford, CT 06106 | Attorney for State of Connecticut,<br>Department of Revenue Services |
| Michael J. Daly, Esq.<br>Law Offices of Michael J. Daly, LLC<br>3 Forest Park Drive<br>Farmington, CT 06032 | Chapter 7 Trustee |

# BRIEF MEMORANDUM AND ORDER
## DENYING SECOND MOTION FOR RECONSIDERATION

Lorraine Murphy Weil, United States Bankruptcy Judge

**WHEREAS,** on February 8, 2008, the court issued that certain Memorandum of Partial Decision and Order Re: Motion for Determination of Tax Liabilities (Doc. I.D. No. 590, the "First Decision")[1] (*see In re Waters*, No. 99-31833, 2008 WL 384571 (Bankr. D. Conn. Feb. 8, 2008));

**WHEREAS,** in the First Decision the court determined (1) that the Debtor (individually) is not entitled to claim an adjustment and/or deduction for either the Mortgage Interest or the Property Taxes with respect to tax year 2001 (the "First Ruling") and (2) the Affirmative Defense does not apply with respect to the Mortgage Interest, the Property Taxes or the Professional Fees (the "Second Ruling");

**WHEREAS,** on February 21, 2008, the Debtor filed a motion for reconsideration (Doc. I.D. No. 594, the "First Motion") of the First Decision.  The First Motion argued that the First Ruling and the Second Ruling were erroneous and asked the court to reverse itself;

**WHEREAS,** the IRS filed an objection (Doc. I.D. No. 600, the "First Objection") to the First Motion;

**WHEREAS,** oral argument on the First Motion and the First Objection was held on May 1, 2008;[2]

---

[1] Familiarity with the First Decision is assumed.  All capitalized terms used herein but not otherwise defined shall have the respective meanings ascribed to the same in the First Decision.

[2] A transcript of those proceedings appears in the record of this case as Doc. I.D. No. 601.

**WHEREAS,** on July 14, 2008, the court issued that certain Brief Memorandum and Order Denying (on the Merits) Motion for Reconsideration and Sustaining the Objection Thereto (Doc. I.D. No. 602, the "Second Decision") (*see In re Waters*, No. 99-31833, 2008 WL 2756916 (Bankr. D. Conn. July 14, 2008);

**WHEREAS,** on July 22, 2008, the court issued that certain Order Scheduling Additional Oral Arguments on Tax Treatment of Professional Fees (*see* Doc. I.D. No. 604) for September 16, 2008;[3]

**WHEREAS,** on July 24, 2008, the Debtor filed a second motion for reconsideration (Doc. I.D. No. 606, the "Second Motion")[4] and on August 7, 2008, the IRS filed a response (Doc. I.D. No. 610, the "Second Objection") to the Second Motion;

**WHEREAS,** the Second Motion does not seek reconsideration of the First Ruling (except as that ruling may be impacted by the court's reconsideration of the Second Ruling);

**WHEREAS,** the Second Motion primarily challenges the Second Ruling. *Inter alia*, the Debtor contends that (1) the one year bar referred to by the court in footnote 40[5] (the "Footnote") of the First Decision did not bar the "fraud on the debtor" affirmative defense as that defense

---

[3]   That oral argument has been continued to October 28, 2008. (*See* Doc. I.D. No. 614.)

[4]   The Debtor also filed a request for hearing (*see* Doc. I.D. No. 607) in respect of the Second Motion. The court declines to schedule a hearing on the Second Motion (*see* 11 U.S.C. § 105(a)) and will issue its ruling on the papers before it.

[5]   That footnote provided:

> The Debtor is time barred here by the one year bar of Rule 60(b) of the Federal Rules of Civil Procedure from asserting any fraud that would not constitute a "fraud on the court." *See* Fed. R. Civ. P. 60(b) (made applicable here by Fed. R. Bankr. P. 9024).

First Decision at 23 n.40.

properly was preserved by the Debtor in the timely filed Amended Motion for Distribution of Proceeds of Sale of His Residence (Doc. I.D. No. 245, the "Amended Motion") and documents filed in support of that motion (the "Amended Motion Argument");[6] (2) even if the court is correct that the "fraud on the debtor" defense is barred by Rule 60, that determination has no preclusive effect on the defense as it pertains to the Amended Motion; (3) with the exception of the Footnote, the court did not address the merits of the "fraud on the debtor" defense or its "foundation under the . . . Amended Motion" but instead may have incorporated a discussion of the defense into the discussion of "fraud on the court" and/or equitable estoppel;[7] (4) to the extent the court considered the "fraud on the debtor" defense, the court "misunderstood" the affirmative defense and "applied [it] to the Debtor's Equitable Estoppel argument involving the decision in" *City of New York v. Shalala*, 34 F.3d 1161, 1168 (2d Cir. 1994) (Second Motion at 11); (5) the IRS has never argued that the "fraud on the debtor" defense was barred by Rule 60(b)(3);[8] and (6) the court has never held an evidentiary hearing with respect to the alleged misconduct of the IRS, which misconduct gave rise to the "fraud on the debtor" defense;

**WHEREAS,** in the Second Objection, the IRS (1) contends that the Second Motion is an effort by the Debtor to further delay a judgment with respect to his 2001 tax liabilities;

---

[6] The Amended Motion sought to (among other things) authorize the distribution of certain funds from the Sales Proceeds and to declare a certain stipulated order (Doc. I.D. No. 180, the "Stipulation") void and unenforceable in whole or in part. A hearing on the motion was continued without date by order of the court. (*See* docket 9/13/06 docket entry.)

[7] The Second Motion is not clear on this point but appears to make this argument because, with respect to the Second Ruling, the court considered only (1) fraud on the court, (2) judicial estoppel and (3) equitable estoppel. (*See* Second Motion at 10.)

[8] The IRS concedes this point. (*See* Second Objection at 5.) However, that concession does not constitute sufficient grounds for the court to reverse itself.

(2) "strenuously" objects to a hearing on the Second Motion; (3) contends that the Debtor did not allege "fraud on the debtor" in the Amended Motion as the basis for voiding the Stipulation; and (4) contends that the arguments made by the Debtor with respect to the "fraud on the debtor" in the Second Motion could have been, but were not, raised in the First Motion;

**WHEREAS,** the court has reviewed and considered the Second Motion and the Second Objection;[9]

**WHEREAS,**

[i]n general, three grounds justify granting a motion for reconsideration: (1) an intervening change in controlling law; (2) the availability of newly discovered evidence; and (3) the need to correct clear error or prevent manifest injustice. *Virgin Atlantic Airways, Ltd. v. National Mediation Board,* 956 F.2d 1245, 1255 (2d Cir.), *cert. denied,* 506 U.S. 820, 113 S.Ct. 67, 121 L.Ed.2d 34 (1992). The standard for granting a motion for reconsideration is strict in order to dissuade repetitive arguments on issues that have already been considered fully by the Court. *Shrader v. CSX Transportation, Inc.,* 70 F.3d 255, 257 (2d Cir. 1995). A motion for reconsideration should not serve as a vehicle for relitigating issues already decided. *Shrader,* 70 F.3d at 257; *Dodge v. Susquehanna Univ.,* 796 F.Supp. 829, 830 (M.D. Pa. 1992).

*Metropolitan Entertainment Co., Inc. v. Koplik,* 25 F.Supp. 2d 367, 368 (D. Conn. 1998);

**WHEREAS,** a motion for reconsideration should not be used "for raising issues or citing authorities a party could or should have presented prior to the court's ruling." *In re Bank of New England Corp.*, 142 B.R. 584, 587 (D. Mass. 1992). Here, the Debtor did not raise the Amended Motion Argument in his initial papers upon which the court relied in issuing the First Decision and did not raise that argument in the First Motion. Rather, the Debtor raised the argument for the first

---

[9] The court has also considered the Debtor's response (Doc. I.D. No. 611, the "Response") to the Second Objection (which the Debtor filed without leave of court). In response to the Response, the IRS filed a motion (Doc. I.D. No. 613) seeking permission to file a surreply (the "Surreply") to the Response. That motion will be granted by marginal order. The court has, therefore, considered the Surreply in its decision.

time in the Second Motion. Accordingly, such argument is deemed waived. Whether a "fraud on the debtor" defense properly was asserted (if at all) in the Amended Motion is an issue for another day;

**WHEREAS,** to the extent the Debtor contends that the court incorrectly applied the law with respect to fraud on the court (because it allegedly failed to distinguish that defense from the fraud on the debtor defense), the court disagrees and reaffirms its analysis as stated in the First Decision and the Second Decision;

**WHEREAS,** to the extent the Debtor contends that the court incorrectly applied the law with respect to equitable estoppel (because it allegedly failed to distinguish that defense from the fraud on the debtor defense), the court disagrees and reaffirms its analysis as stated in the First Decision;

**WHEREAS,** assuming, but not deciding, that the Footnote was erroneous, a defense of fraud on the debtor would be ineffective as a matter of law for the same reason that the Debtor did not prevail on the fraud on the court and equitable estoppel defenses, *to wit*, the Debtor cannot establish reliance in respect of the allegedly false proofs of claim because he raised the perceived problems with them before he entered into the Stipulation;

**WHEREAS,** the court has considered the remaining arguments raised by the Debtor in the Second Motion and deems them to be irrelevant and/or otherwise unpersuasive;

**NOW, THEREFORE,** for the reasons set forth above, it hereby is **ORDERED** that (a) the Second Motion be, and hereby is, denied on the merits, (b) the Second Objection be, and hereby is, sustained on the merits and (c) the court adheres to the First Decision and the Second Decision (as supplemented hereby).[10]

Dated: October 24, 2008                                    BY THE COURT

*Lorraine Murphy Weil*
Lorraine Murphy Weil
United States Bankruptcy Judge

---

[10] The Debtor hereby is placed on notice that, in the event he files another motion seeking reconsideration of the First Decision, the Second Decision and/or this decision, such motion will summarily be denied without notice or hearing.