| Not for Publication |

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT

- - - - - - - - - - - - - - - - - - - - - - - - - - - - -
)
IN RE:                                    )    CASE NO.        99-31833 (LMW)
                                          )
  EDWARD J. WATERS,                       )    CHAPTER         7
                                          )
            DEBTOR.                        )    ECF  NOS.      477, 487, 715, 723,
- - - - - - - - - - - - - - - - - - - - - - - - - - - - -              727, 741, 751[1]

## **APPEARANCES**

Ann M. Nevins, Esq.                       Attorney for Movant United States of
Assistant U.S. Attorney                       America, Internal Revenue Service
U.S. Attorney's Office
915 Lafayette Boulevard, Room 309
Bridgeport, CT 06604


Peter Sklarew, Esq.                       Attorney for Movant United States of
Attorney, Tax Division                        America, Internal Revenue Service
U.S. Department of Justice
P.O. Box 55
Washington, DC 20044


Edward J. Waters                          *Pro Se* Debtor/Objector
Avalon Place
137 Hollow Tree Ridge Road, #1903
Darien, CT 06820


Denise S. Mondell, Esq.                   Attorney for State of Connecticut, Department
Assistant Attorney General                    of Revenue Services, party in interest
Attorney General's Office
55 Elm Street, 4th Floor
P.O. Box 120
Hartford, CT 06141-0120

---

[1]       The referenced matters hereafter are referred to collectively as the "Contested Matter."

Richard M. Coan, Esq.                                   Chapter 7 Trustee
Coan, Lewendon, Gulliver & Miltenberger, P.C.
495 Orange Street
New Haven, CT 06511


**MEMORANDUM OF DECISION AND ORDER RE: IRS MOTION
FOR ENTRY OF FINAL PARTIAL JUDGMENT WITH RESPECT
TO TAXES FOR TAX YEAR 2001 PURSUANT TO FED. R. CIV. P. 54(b)**

Lorraine Murphy Weil, Chief United States Bankruptcy Judge


Before the court is the following Contested Matter: (1) the United States[2] Motion Pursuant

to Rule 9014 for Determination of both the Estate's and the Debtor's Tax Liabilities Pursuant to [11

U.S.C.] § 505(a)(1) and Thereafter To Authorize Their Payment from the Escrow Account and/or

by the Trustee[3] (ECF No. 477, the "IRS § 505 Motion");[4] (2) the above-referenced debtor's (the

"Debtor") objection filed April 10, 2006 (ECF No. 487) to ECF No. 477; (3) United States' Request

for Rule 54(b) Judgment on 2001-Year Individual Income Tax[5] (ECF No. 715, the "Initial IRS Rule

54(b) Motion") filed December 23, 2010); (4) the Debtor's objection to the Initial IRS Rule 54(b)

Motion (ECF No. 723, the "First Debtor Rule 54(b) Objection) filed January 19, 2011; (5) the United

States' Response to the First Debtor Rule 54(b) Objection (ECF No. 727, the "IRS Response") filed

on January 28, 2011; (6) United States' Submission of Revised Proposed Rule 54(b) Judgment (ECF

---

[2]        The "United States" sometimes is referred to hereafter as the "IRS."

[3]        The IRS has abandoned the immediate "payment" relief which the IRS § 505 Motion
sought, apparently reserving distribution to a later (to be filed) motion.  (*See* ECF Nos. 715, 741.)

[4]        Citations herein to the docket of this title 11 case appear in the following form: "ECF
No. ___."

[5]        The IRS since has broadened the scope of that motion to include a determination of
the Estate's 2001-Year tax obligations.  (*See* ECF No. 741.)

- 2 -

No. 741, the "Revised IRS Rule 54(b) Motion," collectively with the Initial IRS Rule 54(b) Motion,

the "IRS Rule 54(b) Motion") filed on March 14, 2011; and (7) the Debtor's further objection dated

April 6, 2011 (ECF No. 751, the "Second Debtor Rule 54(b) Objection," collectively with First

Debtor Rule 54(b) Objection, the "Debtor Rule 54(b) Objection")[6] to the IRS Rule 54(b) Motion.

This court has jurisdiction over the Contested Matter as a core proceeding pursuant to 28

U.S.C. §§ 157 and 1334(b) and 11 U.S.C. § 505, and that certain Order dated September 21, 1984

of the District Court for this District (Daly, C.J.).[7]

## I.   **BACKGROUND**

The IRS § 505 Motion seeks adjudication of the Estate's, and the Debtor's (individual),

respective tax liabilities with respect to the 1998 and 2001 tax years.  (*See* ECF No. 477.)  The IRS

Rule 54(b) Motion seeks, in principal part, to render the following prior decisions (collectively, the

"Prior Decisions") of this court with respect to the IRS § 505 Motion (2001 tax year only) final and

immediately appealable to the District Court:

• *In re Waters*, 2008 WL 384571 (Bankr. D. Conn. Feb. 8, 2008), *reconsideration denied,* 2008 WL 2756916 (July 14, 2008), *reconsideration denied,* 2008 WL 4829844 (Oct. 24, 2008) (collectively, the "First Prior Decision");

• *In re Waters*, 2009 WL 1034242 (Bankr. D. Conn. Apr. 16, 2009) (the "Second Prior Decision"); and

• *In re Waters*, 2010 WL 4053381 (Bankr. D. Conn. Oct. 14, 2010) (the "Third Prior Decision").

---

[6]    The Second Debtor Rule 54(b) Objection is deemed to supplement the First Debtor Rule 54(b) Objection, not to supercede it in its entirety.

[7]    That order referred to the "Bankruptcy Judges for this District *inter alia*" all proceeding arising under Title 11, U.S.C., or arising in . . . a case under Title 11, U.S.C. . . . ."

Relevant facts are set forth in the Prior Decisions and familiarity with those decisions is assumed.[8]

Summarized very generally, the Prior Decisions ruled as follows:

• First Prior Decision - ruled that (as a matter of law) (a) the Estate, and not the Debtor personally, was entitled to the tax benefits for mortgage interest and property taxes with respect to the 2001 sale of the Property and (b) the Debtor could not prevail on his "affirmative defense" of fraud on the court and/or judicial estoppel and/or equitable estoppel; and

• Second Prior Decision/Third Prior Decision - ruled that (as a matter of law), with respect to the 2001 Personal Return, (a) the Debtor could claim only $56,666.66 as Section 162(a) Schedule C deductions for tax year 2001 with respect to the KPMG Fees, (b) none of the Charmoy Fees qualified as Section 162(a) Schedule C deductions, (c) only $17,000 in Charmoy Fees (subject to statutory limits) were properly included as Section 212 Schedule A deductions, (d) none of the Honecker Fees qualified as Section 162(a) Schedule C deductions, and (e) none of the Honecker Fees qualified as Section 212 Schedule A deductions.[9]

Appeals with respect to the following other relevant decisions (the "Other Decisions") of this court pending before the District Court are :

• The Final Decision Re: ECF No. 245.  (*See* ECF No. 759 (Notice of Appeal).); and

• ECF No. 710 (Ruling and Final Order Re: Order To Show Cause).  (*See* ECF No. 712 (Notice of Appeal).).[10]

---

[8]     The Prior Decisions are hereby ratified and confirmed in all their particulars and are deemed incorporated by reference as if fully set forth herein.  Capitalized terms used but not defined herein have the respective meanings ascribed to the same in the Prior Decisions.  Further general background also is set forth in *Waters v. United States (In re Waters),* 2005 WL 3677968 (Bankr. D. Conn. Dec. 13, 2005); *In re Waters,* 2010 WL 2940858 (Bankr. D. Conn. July 23, 2010) (modified on August 23, 2010 by ECF No. 691); and *In re Waters,* 2011 WL 3678910 (Bankr. D. Conn. Aug. 23, 2011) (the "Final Decision Re: ECF No. 245").

[9]     The court also noted a concession by the IRS set forth at note 27 on page 14 of ECF No. 590 with respect to the fees of Ellery Plotkin, Esq.  (*See* ECF No. 622 at 7 n.8.)

[10]    That appeal refers to this court's adjudication of ECF Nos. 704 and 705.  Both of the above-listed appeals have been assigned to the Honorable Alvin W. Thompson, Chief Judge of the District.

Before the District Court sitting in its original jurisdiction are the following:

• *Waters v. United States,* #3:09-cv-01271-AWT; and

• *United States v. Coan,* #3:06-cv-01599-AWT.[11]

In addition, by order dated March 25, 2010, the District Court revoked its reference to this court with respect to "the [D]ebtor's requests that the Bankruptcy Court determine that he has overpaid his taxes for 1991, 1995, 1996, 1997, 1999, and 2000, and is entitled to refunds . . . ." (ECF No. 685.)[12]

## II.   THE DEFICIENCY NOTICE AND THE REVISED STATEMENT

The court believes that setting forth some further background here would be helpful:

. . . The Debtor filed his initial individual income tax return for 2001 in October of 2002, claiming a refund, which he thereafter twice amended, claiming larger refunds. He included the $1,287,206 that had been escrowed, as part of a slightly larger figure (*i.e.,* $1,356,340.00) listed as "foreign wages," on the Personal Return.

. . . The Debtor deducted on his initial individual income tax return for 2001 the $1,224,042 in Mortgage Interest paid to Dean 40 (from the proceeds of the Sale) on Schedule A as ordinary mortgage interest. When he amended that return (including the Personal Return), he instead included that item on Schedule C ("Profit or Loss from Business"), listing his own name as the business name.

. . . The Debtor also deducted, on Schedule A of the Personal Return, the Property Taxes in the amount of $124,793 paid from the proceeds of the Sale.

---

[11]    That case essentially is a mirror image of A.P. #06-3111 pending (but stayed) before this court. The two District Court cases have been consolidated under #3:06-cv-01599-AWT and are pending before Chief Judge Thompson.

[12]    *Cf.* 28 U.S.C. § 157(d). That order was signed by Chief Judge Thompson. By order dated August 17, 2010, the District Court declined to reconsider its prior order. (*See* No. 3:06-cv-01599-AWT ECF No. 46 (D. Conn. Aug. 17, 2010).) There are two additional pending relevant matters before this court. First, a pending (and stayed) adversary proceeding, *Waters v. United States,* A.P. No. 05-3054, 2005 WL 3677968, (a suit to recover damages for alleged violations of the automatic stay) (the "Section 362(h) Proceeding"). A second related contested matter was "marked off with right of reclaim" on January 26, 2005 (*see* docket entries for that date with respect to ECF Nos. 437 (the "Section 362 Motion")) and 444; *see also* Oral Record of 1/26/2005 hearing at 2:26:09 *et seq.*).

. . . On the Personal Return, the Debtor also reported the Professional Fees as Schedule C expenses. Some of the Professional Fees have been paid from the Escrow.

. . . The IRS audited the Personal Return and issued the Deficiency Notice. That notice disallowed the adjustments and/or deductions claimed in the Personal Return for the Mortgage Interest, the Property Taxes, and the Professional Fees paid from the Escrow . . . .

*In re Waters,* 2008 WL 384571, at *6-*7 (citations omitted).

The Deficiency Notice included a "Statement-Income Tax Change" with respect to the Personal Return. (*See* ECF No. 487, Exhibit II.) Among other things, the Deficiency Notice disallowed tax adjustments/deductions for (a) the Mortgage Interest in the amount of $1,224,042.00, (b) "Legal and professional services" in the amount of $200,000.00, (c) "Itemized deductions" for the Real Estate Taxes in the amount of $161,210.00, and (d) an "Exemption deduction" in the amount of $2,900.00. (*See id.*)[13] As a result, the Deficiency Notice stated a "Total corrected liability" in the amount of $490,996.26 and "Balance Due" in the amount of $482,998.26 ("excluding interest and penalties"). (*See id.*) The Deficiency Notice did not mention penalties. (*See id.* at item 24.)

Annexed to the Initial IRS Rule 54(b) Motion is a further and subsequent "Statement-Income Tax Change" (the "Revised Statement") with respect to the Personal Return. The Revised Statement improved the Debtor's tax position (relative to the Deficiency Notice) in that it allowed adjustments to income for certain Professional Fees (in accordance with the Prior Decisions) in the aggregate amount of $67,268.66. It also noted a credit in the amount of an estimated tax payment in the amount of $94,569.87. (*See* ECF No. 715 (Exhibit).) As a result of all of the foregoing, the "Total

---

[13]     However, the Deficiency Notice allowed a tax adjustment/deduction in the amount of $144,977.00 for "S-Corporation distributable gain." (*See id.*)

corrected liability" stated in the Revised Statement was decreased by $26,302.26 (relative to the

Deficiency Notice) to $464,694.00 and the "Balance Due . . . excluding interest and penalties" was

decreased to $370,124.13.  (*See id.*)  In addition, the Revised Statement claimed penalties (the

"Penalties")  in the amount of $92,531.03.  (*See id.*)  Annexed to the Revised Statement is an

"Explanation of Items" which states in relevant part as follows:

> This recomputation is made to implement the Bankruptcy Court's orders of 2/8/2008,
> 4/16/2009, and 10/14/2010.  However, this recomputation does not waive the United
> States' right to partially offset  the adjustments to income reflected in this
> recomputation by the disallowance of the following additional item, subject to review
> by the Bankruptcy Court.  Schedule A on the amended return filed 3/26/2003
> included a deduction of $68,217 for taxes and included a statement on which the item
> was described as "State and Local Estimate Tax Payments."  This deduction [the
> "Challenged Deduction"] was not disallowed in the Notice of Deficiency.  Based on
> a review of the Bankruptcy Court's order of April 25, 2002, authorizing a distribution
> to the Connecticut Department of Revenue Services, it appears that the payment was
> not made in 2001 and is not allowable as a deduction for this year.  If . . . [the
> Challenged D]eduction is disallowed, itemized deductions will be eliminated and
> replaced with the standard deduction of $4,550.

(ECF No. 715 (Explanation of Items).)

## III.   THE INITIAL IRS RULE 54(b) MOTION

The Initial IRS Rule 54(b) Motion seeks a final determination of the Debtor's personal

federal income tax liability for the tax year 2001.  (*See* ECF No. 715 at 1.)  "The point of the . . .

[Initial IRS Rule 54(b) Motion] is both [sic] to enable the [D]ebtor to appeal the . . . [Prior

Decisions] which he apparently intends to do, particularly in light of his recently filed appeal from

this Court's order denying his motion to enjoin collection of the 2001-year tax, which was based at

least in part on his contention that there has been no final court determination of the amount of the

tax liability."  (ECF No. 715 at 1-2.)

- 7 -

The Initial IRS Rule 54(b) Motion  seeks entry of judgment against the Debtor (but not the Estate) in relevant part as follows:

> **ORDERED, ADJUDGED and DECREED** that the amount of federal income tax for which debtor, Edward G. Waters, is liable, individually, for the 2001 tax year is $464,994, less a rate reduction credit of $300 and a payment of estimated tax on April 15, 2002, of $94,569.87, for net unpaid liability after April 15, 2002, of $370,124.13, plus interest computed through September 15, 2010, in the amount of $228,614.96 for a total liability as of that date of $598,739.09, plus interest accrued thereafter, less amounts collected since that date.

*See* ECF No. 715 (proposed judgment).)  The Initial IRS Rule 54(b) Motion conditionally waives the Penalties (*see* ECF No. 715 at 4)[14] and conditionally waives disallowance of the Challenged Deduction,[15] and that is reflected in the initial proposed Rule 54(b) Judgment.

## IV.   THE FIRST DEBTOR RULE 54(b) OBJECTION AND THE IRS RESPONSE

The First Debtor Rule 54(b) Objection argues against the issuance of a partial final judgment pursuant to Rule 54(b), and the IRS Response contends to the contrary, in relevant part as follows:

• The First IRS Rule 54(b) Motion seeks a final determination of the Debtor's personal tax liability for the 2001 tax year, but does not seek a determination of the Estate's liability for the same year.  The Debtor argues that increasing his personal liability necessarily must decrease the Estate's liability from $228,614.96 (plus interest) to $11,878.00 (plus interest).

---

[14]      In the Initial IRS Rule 54(b) Motion, the IRS offers a conditional waiver of the Penalties (plus interest thereon) "provided that a Rule 54(b) judgment is promptly issued and without prejudice to asserting the penalty if further significant proceedings are required in the event of any remand after an appeal by Mr. Waters."  (*See* ECF No. 715 at 4.)

[15]      (*See* ECF No. 715 at 4) ("The United States . . . reiterates . . . that it will waive this additional adjustment (disallowance of $68,217 in State tax) provided that a Rule 54(b) judgment is issued promptly, but this waiver is without prejudice to asserting this adjustment in the event that there is any need for a remand to resolve any further disputes regarding 2001 tax as the result of any appeal taken by Mr. Waters.").)  The Initial IRS Rule 54(b) Motion clarifies: "We recognize that it may arguably be within the Court's discretion to bar raising new issues at this stage and we certainly do not wish to open the door to new issues[s] being raised by Mr. Waters.  Nor does the Rule 54(b) judgment we propose specifically reserve this issue – we only seek here to avoid an argument that we have irrevocably waived this issue should there be a remand."  (*Id.* at 4 n.3.)

Therefore, the Debtor argues, separating the two determinations is improper for reasons including that the IRS may levy immediately for the Estate tax in an amount in excess of $228,614.96.  (*See* ECF No. 723 at 2-3.)  The IRS responds that "[t]he IRS has no intention of levying for the [E]state tax, which can only be collected from the escrowed funds or those held by the Trustee, both of which would require this Court's grant of a motion for distribution to the IRS.  At most, the IRS may ask this court to release $11,878 (plus interest) from the escrow for application to the [E]state's tax liability at the same time it releases the remainder of the escrow for application to . . . [the Debtor's] individual tax liabilities (to the IRS and . . . [the State] . . . ."  (ECF No. 727 at 2.)

- The Debtor argues that relevant taxes should be deemed paid when the Mortgage proceeds were deposited into the Escrow.  The Debtor also argues that relevant taxes should be deemed paid at the time the IRS instituted alleged "V-freezes" with respect to certain tax refunds that were due to the Debtor personally.  (*See* ECF No. 723 at 2-3.)  The Debtor concludes: "Any entry of an Order determining any taxes and accrued interest 'due' must involve recognition of [both of the foregoing]."  (ECF No. 723 at 3.)  The Debtor also argues that the Debtor [Section] 362(h) Proceeding must first be adjudicated prior to entry of a Rule 54(b) partial judgment here.  (*See* ECF No. 723 at 6.)  The IRS responds that the argument that the Escrow should be deemed payment is "simply wrong as a matter of law."  (ECF No. 727 at 7.)  With respect to the Section 362(h) Proceeding (and the "V-freeze" issue), the IRS responds that "the Court should not delay a judgment on 2001 tax based on the pendency of a damages action . . . .  If . . . [the IRS] is held liable for damages [in the Section 362(h) Proceeding], it will pay those damages after a final judgment in the . . . [Section 362(h) Proceeding], consistent with 28 U.S.C. § 2414."  (ECF No. 727 at 7.)

- The Debtor argues that the court first must adjudicate ECF No. 245.  (*See* ECF 723 at 4-6.)  As noted above, the Final Decision Re: ECF No. 245 has been rendered and has been appealed to the District Court.  Accordingly, that particular argument of the Debtor has been mooted and will not be considered further.

- The Debtor appears to seek reconsideration of one or more of the Prior Decisions and/or the Other Decisions.  (*See* ECF No. 723 at 4-6, 8-10.)  That request is denied and will not be considered further.

- The Debtor argues that it is too late for the IRS to challenge the Challenged Deduction on a new theory.  (*See* ECF No. 723 at 7.)  The IRS responds by relying on the conditional waiver of the issue set forth in the Initial IRS Rule 54(b) Motion.  (*See* ECF No. 727 at 7; *cf.* note 15, *supra*.)  The Debtor further argues that the IRS' conditional waiver of disallowance of the Challenged Deduction and the Penalties is "offensive" and contrary to Due Process.  (*See* ECF No. 723 at 8.)  The IRS disputes the foregoing.  (*See* ECF No. 727 at 7-8.)

- The Debtor argues that the IRS' initial Proposed Judgment (*see* ECF No. 715 (attachment)) "Should Include Separate Statements Of determination For Each Issue 'Objected' To And

Thereafter 'Determined' . . . Both Parties Should 'Articulate' Determinations Of The Court For A Record On Appeal [sic]". (*See* ECF No. 723 at 8 (capitalizations as in original; underlining and bold type deleted).)   The IRS responds that the "Court's Rule 54(b) judgment need only reference the . . . [Prior Decisions] as the basis for entering a [Rule 54(b)] judgment, coupled with the required findings as to why there is no just cause for delay in finally resolving one of several claims rather than all of them at once." (ECF No. 727 at 8.)   The court agrees with the IRS and this argument of the Debtor will not be considered further. (*See* note 8, *supra;* Part VIII, *infra*.)

- Finally, the Debtor agues that "'Just Reasons Exist' To Defer Any 2001 Tax Determinations. There Should Be 'No Rush To Judgment' Given The Reasons Above.   Any Delays Regarding The Determination Of The 2001 Tax Are Because Of The IRS, Not The Debtor. Not Only Did The IRS Delay 2 3/4 Years In Making The Deficiency; They Took Another Few Years In Arguing 'Who' Funded The Escrow, Which They Still Argue And Which Should Be Determined, Putting Aside The IRS' Misrepresentations Of False Tax Claims Which Is The Source Of All Controversy." (*See* ECF No. 723 at 10 (capitalizations as in original; underlining and bold type deleted).)   The IRS relies upon the findings of its initial proposed Rule 54(b) judgment to support a finding of "no just reason for delay."[16]

---

[16]    The Debtor later summarized his objection to the Initial IRS Rule 54(b) Motion as follows:

"       (1) IS PREMATURE SINCE OTHER NECESSARY DETERMINATIONS ARE PENDING;
(2) CONTAINS MISREPRESENTATIONS OF MATERIAL FACT;
(3) OMITS DETERMINATIONS OF RELEVANT ISSUES AS PART OF 'ORDER';
(4) MISREPRESENTS TAXES & INTEREST DUE & PAID;
(5) FAILS TO INCLUDE JUDGMENT ON 2001 ESTATE TAX LIABILITY;
(6) SEEKS ADJUSTMENTS NOT MADE PART OF DEFICIENCY DETERMINATION;
(7) OMITS FACT THAT 'ESCROW FUND', IN EXCESS OF $370,000, IS A 'BOND' HELD 'IN DEPOSIT' IN THE PAYMENT OF THE 2001 TAX;
(8) OMITS THAT THE IRS IN '505' HEARINGS IN 2003 & 2004 'SETOFF' OVER $250,000 TO THE PAYMENT OF THE DEBTOR'S 2001 TAX LIABILITY, PURSUANT TO 'IRS V-FREEZES ON TAXPAYER TRANSCRIPTS', AND PURSUANT TO STATEMENTS OF IRS' ATTORNEY;
(9) SUCH PAYMENTS COLLECTIVELY REDUCING THE 2001 TAX DUE TO 'ZERO', & ELIMINATING THE ACCRURAL OF ALL INTEREST CHARGES.   "

## V.   THE REVISED IRS RULE 54(b) MOTION (AND THE RELATED REVISED PROPOSED RULE 54(b) JUDGMENT)

The Revised IRS Rule 54(b) Motion (and related revised Proposed Judgment) provide in

relevant part as follows:

> **ORDERED, ADJUDGED and DECREED** that the amount of federal income tax for which debtor, Edward G. Waters, is liable, individually, for the 2001 tax year is $464,994, less a rate reduction credit of $300 and a payment of estimated tax on April 15, 2002, of $94,569.87, for net unpaid liability as of April 15, 2002, of $370,124.13.  The Court makes no determination with respect to the Debtor's personal liability for interest on said amount.  The IRS has waived late-payment penalties (subject to rescission of that waiver if this judgment is reversed on appeal by the Debtor).

> **FURTHER ORDERED, ADJUDGED and DECREED** that the administrative claim of the IRS for the Estate's 2001 tax (*i.e.*, the 12-month period ended November 30, 2001) shall be reduced to $11,878.00, exclusive of interest and penalties. The Court makes no determination with respect to allowability of interest[17] as a claim against the Escrow Account at this time.  The $11,878.00 amount determined herein shall remain subject to the right of the IRS to have the judgment modified (upon an appropriate motion) in the event that any appeal results in the reversal of this Court's decision upholding the disallowance of the deductions for mortgage interest and/or real property taxes on Mr. Waters's individual tax return for 2001 that were, concomitantly allowed as deductions on the bankruptcy estate's return.

(ECF No. 741-1 at 5.)

The Revised IRS Rule 54(b) Motion states that the revised proposed Rule 54(b) judgment

"finalizes the . . . [E]state's 2001 tax subject only to a . . . [government] motion for relief if . . . [the

Debtor] is successful in appealing the judgment respecting his 2001 individual tax, such that certain

deductions that have been moved [by the IRS] from his individual return to the [E]state's return

_____

(ECF No. 723 at 1.)

---

[17]      *But see* ECF No. 741 at 2 ¶ 4 (deferring "any dispute regarding interest or penalties" with respect to the administrative claim against the Estate).)

might have to be moved back." (ECF No. 741 at 2 ¶ 1.) The Revised IRS Rule 54(b) Motion also

notes that the proposed revised Rule 54(b) judgment is consistent with its prior-stated waiver of the

Penalties against the Debtor. (*See* ECF No. 741 at 2 ¶ 2.) The Revised IRS Rule 54 Motion states

that the proposed revised judgment "defers any dispute regarding interest on . . . [the Debtor's]

individual income tax for 2001 since there are insufficient funds in the escrow account to satisfy the

tax alone." (*Id.* ¶ 3.) Finally, the Revised IRS Rule 54(b) Motion states that the "revised judgment

defers any dispute regarding interest or penalties on the [subject] administrative claim [against the

Estate] until after the State's taxes are recomputed (given that Connecticut is a 'federal-piggyback'

state) and the taxing authorities, or one of them, then files a motion for distribution from the

escrow." (*Id.* ¶ 4.)

## VI.    THE SECOND DEBTOR RULE 54(b) OBJECTION

The Second Debtor Rule 54(b) Objection restates the First Debtor Rule 54(b) Objection (as

set forth above) and further argues in relevant part as follows:

- The Debtor refers to ECF No. 245 as not the subject of a final adjudication. (*See* ECF No. 751 ¶ 9.) As noted above, the Final Decision Re: ECF No. 245 subsequently issued, rendering the Debtor's arguments in that regard moot.

- The Debtor argues that the court must adjudicate the Section 362 Motion and the Section 362(h) Proceeding as a condition to issuance of a final judgment here. (*See* ECF No. 751 at 5.)

- The Debtor argues that the court must determine any additions to tax (*i.e.,* interest and penalties) which, the Debtor claims, here are subject to contest. (*See id.* at 5-8.)

## VII.   Fed. R. Civ. P. 54(b) (PARTIAL FINAL JUDGMENT)

### A.   In General

"In general, there is a historic federal policy against piecemeal appeals.  Thus, in the federal . . . courts, the entry of a final judgment is generally appropriate only after all claims have been adjudicated."  *Novick v. AXA Network, LLC,* 642 F.3d 304, 310 (2d Cir. 2011) (citations and internal quotation marks omitted).  Rule 54 of the Federal Rules of Civil Procedure provides an exception to that general principle.  Rule 54 provides in relevant part as follows:

>   (a) *Definition; Form*. "Judgment" as used in these rules includes a decree and any order from which an appeal lies . . . . [[18]]

>   (b) *Judgment on Multiple Claims or Involving Multiple Parties*.  When an action presents more than one claim for relief–whether as a claim, counterclaim, crossclaim, or third-party claim–or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54.

Before the trial court may enter a partial final judgment pursuant to Rule 54(b), "[a] . . . [trial] court must first determine that it is dealing with a 'final judgment.'  It must be a 'judgment' in the sense that it is a decision upon a cognizable claim for relief, and it must be 'final' in the sense that

---

[18]      Rule 54 is applicable here pursuant to Rule 7054 and 9014 of the Federal Rules of Bankruptcy Procedure.  What the IRS is requesting in this contested matter technically is the court's entry of a final order rather than a judgment.  However, a final order of this court constitutes a "judgment" within the meanings of Rule 54 of the Federal Rules of Civil Procedure and Rule 9001(7) of the Federal Rules of Bankruptcy Procedure.  *See* Fed. R. Civ. P. 54(a); Fed. R. Bankr. P. 7054(a), 9001(7), 9014(c).  Accordingly, the different terminology (*i.e.,* "judgment" versus "final order") has no significance and, for the sake of convenience, the court will use the terms "judgment" and "final order" interchangeably herein.

- 13 -

it is an ultimate disposition of an individual claim entered in the course of a multiple claims action."

*Curtiss-Wright Corp. v. General Elec. Co.,* 446 U.S. 1, 7 (1980) (internal quotation marks omitted).

*See also United States ex rel Loughren v. Unumprovident Corp.,* 604 F.Supp. 2d 269, 272 (D. Mass.

2009) ("The determination of finality is governed by 28 U.S.C. § 1291 . . . . [T]he court must be sure

that the ruling, at a bare minimum, disposes fully of at least a single substantive claim." (citations

and internal quotation marks omitted)). "In general, the standard for determining what constitutes

finality under . . . [R]ule [54(b)] is the same as that utilized in single claim cases and is found in

Section 1291 of Title 28 . . . . A 'final decision' generally is one which ends the litigation on the

merits and leaves nothing for the court to do but execute the judgment." 10 C.A. Wright, A.R.

Miller & M.K. Kane, *Federal Practice and Procedure* § 2656, at 54 (3 ed. 1998) (footnotes omitted).

The "no just reason for delay" test is reached only if and when the "final judgment" test has been

met. *See Estate of Metzermacher v. National Railroad Passenger Corp.,* 487 F.Supp. 2d 24, 27 (D.

Conn. 2007) (Arterton, J.). *See also Montan v. American Airlines, Inc.,* 490 F.3d 99, 109 (2d Cir.

2007) ("Factors (1) [multiplicity of claims or parties] and (2) [finality] address the issue of whether

rule 54(b) applies at all to the circumstances of the case . . . ." (internal quotation marks omitted))*.*

Resolution of a claim satisfies the "finality" requirement of Rule 54(b) even if a counterclaim (or

setoff) remains pending. *See Curtiss-Wright Corp., supra* at 9*; Cold Metal Process Co. v. United

Engineering & Foundry Co.,* 351 U.S. 445, 452 (1956).

Once the initial tests are met, "[i]t is left to the sound judicial discretion of the . . . [trial]

court to determine the 'appropriate time' when each final decision in a multiple claims action is

ready for appeal [*i.e.,* the "no just reason for delay" test] . . . . " *Curtiss-Wright Corp., supra* at 8.

"To be appropriate, a Rule 54(b) . . . [determination] must take account of both the policy against

piecemeal appeals and the equities between or among the parties." *Novick, supra* at 310. *See also*

*Rand-Whitney Containerboard Ltd. P'ship,* No. CIV.3:96CV413(HBF), 2005 WL 2481481, at *1-*2

(D. Conn. Sept. 29, 2005) (Fitzsimmons, M.J.).[19]

## B.     Rule 54(b) in Tax Matters

In tax litigation concerning multiple tax years, each tax year represents a separate claim for

Rule 54(b) purposes and only adjudication of *all* issues with respect to that particular tax year

satisfies the "finality" requirement of Rule 54(b). *See Houston Indus., Inc. v. United States,* 78 F.3d

564 (Fed. Cir. 1996). Resolution of only *certain* issues with respect to the subject tax year does not

satisfy the "finality" requirement of Rule 54(b), and entry of a "final" partial judgment only with

respect to the issues that *have* been resolved is improper. *See Houston Industries, supra.*

---

[19]

The Second Circuit has stated several factors for a . . . [trial] court to consider in making this determination, namely, 1) the "relatedness of the pending and adjudicated claims"; 2) the "factual bases for the claims," and 3) "the effect a decision on the pending claims would have on the questions raised on appeal." *Bristol Technology, Inc., v. Microsoft Corp.*, 127 F. Supp. 2d 85, 90 (D. Conn. 2000), citing *FDIC v. Bernstein*, 944 F.2d 101, 108-09 (2d Cir. 1991).

The Second Circuit has also cautioned against the excessive use of Rule 54(b), stating that "[t]he power 'should only be used in the infrequent harsh case' where there exists 'some danger of hardship or injustice through delay which would be alleviated by immediate appeal.'" *L.B. Foster Co. v. Am. Piles, Inc.*, 138 F.3d 81, 86 (2d Cir. 1988) (citations omitted).

*Id.*

- 15 -

## VIII.   APPLICATION OF LAW TO FACT

### A.      "Finality"

#### 1.      Finality of Determination of Estate's Tax Liability (Exclusive of Penalties and Interest)

The Debtor complained that the IRS initially proposed that only his personal liability be determined with respect to tax year 2001, and not the Estate's liability for that year.  The IRS changed its position to propose an accompanying determination of the Estate's liability for tax year 2001 (exclusive of penalties and interest).  The IRS conditioned the foregoing "subject only to a . . . government] motion for relief if . . . [the Debtor] is successful in appealing the judgment respecting his 2001 individual tax, such that certain deductions that have been moved [by the IRS] from his individual return to the [E]states return might have to be moved back." (ECF No. 741 at 2 ¶ 1.)  The foregoing is nothing more than a reservation of rights by the IRS with respect to Rule 60(b) of the Federal Rules of Civil Procedure (made applicable here by Rule 9024 of the Federal Rules of Bankruptcy Procedure).  Such a reservation is merely declarative of the law and does not adversely affect the finality of the subject determination.

#### 2.      Deferral of Interest (as to both the Debtor and the Estate) and Penalties (as to the Estate)

The IRS disputes the Debtor's assertion that a determination of interest must be made for finality purposes.  The IRS argues that "the vast majority of district court tax refund judgments simply state that the refund is to be paid with 'interest according to law'" or some similar language. (ECF No. 753 at 2.)  Neither party has cited case law in support of their respective positions.  In the context of Rule 54(b), the court's research tends to support the position of the IRS.  *See, e.g., United States v. Steinmaus*, No. 10-3426 (JNE/SER), 2011 WL 3876421, at *2 (D. Minn. Aug. 31, 2011)

("Judgment is entered in favor of the United States . . . for federal income tax, interest, and penalties . . . in the amount of $410,391.66 plus interest, statutory additions, and accruals from June 13, 2011, until the amount owing is paid."); *United States v. Schaudt*, No. 07 C 0895, 2009 WL 3172155, at *2 (N.D. Ill. Sept. 29, 2009) ("[J]udgment is entered in favor of the Government . . . in the amount of $585,267.04 as of February 16, 2007, plus interest at the rates provided under 26 U.S.C. § 6621 . . ., and other statutory additions from the foregoing date until paid."); *Ferguson v. United States*, No. 4:02-CF-40449, 2005 WL 928497, at *5 (S.D. Iowa Feb. 14, 2005) ("The Clerk of Court is directed that judgment for the[] amounts shall include interest as provided by law.")*.*

The court further notes that the IRS' position similarly is supported by case law outside the context of Rule 54(b).  *See, e.g., United States v. Resnick*, No. 10 CV 3976, 2012 WL 1080221, at *3 (N.D. Ill. Mar. 29, 2012) ("[T]he Government is entitled to summary judgment in the amount of $763,333.27, plus any statutory additions that have accrued since August 1, 2001."); *United States v. LeBeau*, No. 10cv817, 2012 WL 835160, at *6 (S.D. Cal. Mar. 12, 2012) ("Defendants . . . are indebted to the United States for the income tax liabilities . . . in the amount of $1,068,362.30, as of April 1, 2010, plus unassessed interest, penalties and other additions accruing thereafter, less any payments and credits, as provided by law.");  *Key Bank Nat'l Assoc. v. Van Noy*, No. 07-1076-HU, 2008 WL 4646045, at *1 (D. Or. Oct. 17, 2008) ("[T]he United States is entitled to final judgment . . . for unpaid income tax assessments for tax year 1995, in the amount of $1,030,635.73, plus accrued, but unassessed interest, penalties, and other statutory additions as provided by law from August 1, 2008.").  Consequently, the court is persuaded that a determination of interest and/or

- 17 -

penalty is not necessary to the entry of a final judgment and, therefore, the deferral of interest (as to

both the debtor and the estate) and penalties (as to the estate) is appropriate.[20]

### 3.     Pending Section 362 Motion and the Section 362(h) Proceeding

The Debtor argues that the IRS Rule 54(b) Motion should not be granted until the Section

362 Motion and the Section 362(h) Proceeding have been finally adjudicated.  The court disagrees.

That motion and proceeding are in the nature of counterclaims to the 2001 tax claim against the

Debtor individually.  As discussed above, the mere presence of a pending *counterclaim* does not

render an otherwise final adjudication of the subject *claim* non-final.  *See Curtiss-Wright Corp.,*

*supra; Cold Metal Process Co., supra.*

### 4.     Escrow as Payment of the Subject Taxes, or Deposit in the Nature of a Cash Bond, with Respect to Taxes

The court agrees with the IRS that, as a matter of law, deposit into the Escrow did not

constitute "payment" of any of the subject taxes.  That is so because no admission of liability was

made by the Debtor with respect to the subject taxes, nor was there a remittance *to the IRS.  See*

*United States v. Consolidated Edison Co. of New York, Inc.,* 366 U.S. 380, 391-92 (1961).

Moreover, the Escrow was not in the "nature of a cash bond" with respect to the subject taxes

because no remittance was made to the IRS but, rather, remittance was made to the Escrow Agent

---

[20]     The court declines to address the IRS' assertion that the court may lack subject matter jurisdiction over the interest issue.  (*See* ECF No. 753 at 2-3.)  The Debtor does not dispute the mechanics of the calculations used by the IRS to generate the base amount of taxes due (respectively) from the Estate and the Debtor individually (although he does dispute the legal foundation for these calculations).  Accordingly, the court finds and/or concludes the following with respect to the 2001 tax year: (a) the net unpaid federal income tax liability for the Debtor individually is $370,124.13 as of April 15, 2002 (exclusive of interest and penalties); and (b) the net unpaid federal income tax liability for the Estate (and administrative claim in favor of the IRS against the Estate) is $11,878.00 (exclusive of interest and penalties).

- 18 -

subject to the terms of ECF No. 245.  *Cf. Rosenman v. United States,* 323 U.S. 658, 662-63 (1945);

26 U.S.C. § 6603; 33 Am. Jur. 2d *Federal Taxation* ¶ 1953 (2012).

### 5.   Disallowance of the Challenged Deduction

As noted above, the IRS waived disallowance of the Challenged Deduction.  However, that

waiver is conditional and, unlike the condition mentioned above in Part VIII.A.1., that condition is

not merely declarative of Rule 60(b).  *See Federal Home Loan Mortg. Corp. v. Scottsdale Ins. Co.*,

316 F.3d 431 (3d Cir. 2003) (finding consent judgment, which preserved the plaintiff's right to

reinstate two counts of complaint (which were dismissed without prejudice) in the event the court

of appeals reverses the judgment and remand, a contingent settlement which represented an

"inappropriate attempt to evade . . . [the] requirement of finality."); *Dannenberg v. Software*

*Toolworks, Inc.,* 16 F.3d 1073 (9th Cir.1994) (finding that parties cannot manufacture finality by

stipulating to dismissal of outstanding claims without prejudice to reinstituting those claims if the

court of appeals reverses the subject judgment on appeal).  *See also Dodson v. J.C. Penney Life Ins.*

*Co.,* 318 F.3d 881, 885 (9th Cir. 2003) ("[T]he plaintiff's ability to resurrect the claims if he prevailed

on appeal meant that the district court had not truly disposed of all the claims.").  Accordingly, that

conditional waiver adversely affects finality with respect to the Challenged Deduction.  However,

the court need not (and does not) resort to the IRS' conditional waiver of the issue with respect to

the Challenged Deduction.  That is because the court deems it now to be too late in the proceedings

for the IRS to raise that new issue.  (*Cf.* note 15, *supra.*)  Accordingly, the court rules against the IRS

on that issue.

### 6.      IRS' Conditional Wavier of the Penalties (as to the Debtor)

The IRS' conditional waiver of the Penalties (as to the Debtor) (*see* ECF No. 715 at 4; note 14, *supra*) adversely affects finality with respect to the Penalties for reasons substantially similar to those stated in Part VIII.A.5., *supra*.

### 7.      Conclusion

As determined above, the IRS' conditional waiver of the Penalties adversely affects finality as to the Debtor individually with respect to the 2001 tax year.  Consequently, the court is unable to find that such claim is fully resolved and the finality requirement is, therefore, not satisfied with respect to a Rule 54(b) judgment as to the Debtor individually with respect to the 2001 tax year.

### B.      "No Just Reason for Delay"

In light of the foregoing conclusion that finality cannot be found here as to the Debtor individually with respect to the 2001 tax year, it is neither necessary nor appropriate for the court to reach the "no just reason for delay" test as to a Rule 54(b) judgment against the Debtor individually with respect to the 2001 tax year.  With respect to a Rule 54(b) judgment against the Estate with respect to the 2001 tax year, although the finality requirement is met as to that claim, the court deems the 2001 tax year claims against the Debtor and the Estate to be too related to split them now.  *See FDIC v. Bernstein, supra.*

- 20 -

## VIII.   <u>CONCLUSION</u>

For the reasons and to the extent set forth above, the IRS Rule 54(b) Motion is denied and

the Debtor Rule 54(b) Objection is sustained. A separate order will issue scheduling a status

conference to discuss appropriate "next steps" (if any) in the Contested Matter.

**IT IS SO ORDERED.**

Dated: June 1, 2012                              BY THE COURT


**Lorraine Murphy Weil**
Chief United States Bankruptcy Judge