Not for Publication

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

- - - - - - - - - - - - - - - - - - - - - - - - - - - -
                                    )
IN RE:                              )    CASE NO.    99-31833 (LMW)
                                    )
  EDWARD J. WATERS,                 )    CHAPTER     7
                                    )
           DEBTOR.                  )    ECF NOS.    477, 487, 715, 723,
- - - - - - - - - - - - - - - - - - - - - - - - - - - -        727, 741, 751[1]

**APPEARANCES**

| | |
|---|---|
| Ann M. Nevins, Esq.<br>Assistant U.S. Attorney<br>U.S. Attorney's Office<br>915 Lafayette Boulevard, Room 309<br>Bridgeport, CT 06604 | Attorney for Movant United States of<br>America, Internal Revenue Service |
| Peter Sklarew, Esq.<br>Attorney, Tax Division<br>U.S. Department of Justice<br>P.O. Box 55<br>Washington, DC 20044 | Attorney for Movant United States of<br>America, Internal Revenue Service |
| Edward J. Waters<br>Avalon Place<br>137 Hollow Tree Ridge Road, #1903<br>Darien, CT 06820 | *Pro Se* Debtor/Objector |
| Denise S. Mondell, Esq.<br>Assistant Attorney General<br>Attorney General's Office<br>55 Elm Street, 4th Floor<br>P.O. Box 120<br>Hartford, CT 06141-0120 | Attorney for State of Connecticut, Department<br>of Revenue Services, party in interest |

---

[1] The referenced matters hereafter are referred to collectively as the "Contested Matter."

Richard M. Coan, Esq.                                     Chapter 7 Trustee
Coan, Lewendon, Gulliver & Miltenberger, P.C.
495 Orange Street
New Haven, CT 06511

### BRIEF (SECOND) MEMORANDUM OF DECISION AND ORDER RE: IRS MOTION FOR ENTRY OF FINAL PARTIAL JUDGMENT WITH RESPECT TO TAXES FOR TAX YEAR 2001 PURSUANT TO FED. R. CIV. P. 54(b)

Lorraine Murphy Weil, Chief United States Bankruptcy Judge

**WHEREAS,** on June 1, 2012, this court issued that certain Memorandum of Decision and Order Re: IRS Motion for Entry of Final Partial Judgment with Respect to Taxes for Tax Year 2001 Pursuant to Fed. R. Civ. P. 54(b) (ECF No. 768, the "6/1/2012 Decision"). Capitalized terms used but not defined herein have the respective meanings ascribed to the same in the 6/1/2012 Decision. Except to the extent inconsistent herewith, the 6/1/2012 Decision (including the Prior Decisions) is incorporated by reference as if fully set forth herein;

**WHEREAS,** among other things, the 6/1/2012 Decision determined the amount of federal income taxes (exclusive of interest and penalties) owed by both the Estate and the Debtor individually for tax year 2001. (*See* ECF No. 768 at 18 n.20.) The 6/1/2012 Decision also ruled that only the IRS's "conditional waiver" of the Penalties as to the Debtor stood between the IRS and "finality" within the purview of Rule 54(b) with respect to the 2001 tax year. (*See id.* at 19-20.);

**WHEREAS,** pursuant to the 6/1/2012 Decision, a status conference was convened on June 26, 2012 to discuss appropriate "next steps" (if any) in the Contested Matter;

**WHEREAS,** at the status conference, the IRS announced an unconditional waiver of the Penalties (reserving only the right to assert penalties not subject to statutory defense by the Debtor). (*See* Oral Record of 6/26/2012 Status Conference at 2:55:06 *et seq.*) (remarks of Attorney Sklarew);

**WHEREAS,** in light of such waiver, the court finds and/or concludes that the court's determination in the 6/1/2012 Decision as to the tax liability of the Debtor individually and the Estate for the 2001 tax year is "final" for Rule 54(b) purposes;

**WHEREAS,** the court finds and/or concludes that there is "no just for delay" within the purview of Rule 54(b) for the court to enter final judgment as to the tax liability of the Debtor individually and the Estate for the 2001 tax year for the reasons that follow;

**WHEREAS,**

> [i]n addition to Rule 54(b)'s requirements that there be multiple claims and that at least one of those claims have been finally determined, a party seeking relief under the Rule must demonstrate that there is no just reason for delay. *Uni-Rty Corp. v. Guangdong Bldg., Inc.*, 249 F.R.D. 149, 151 (S.D.N.Y. 2008). In order to provide an "express determination that there is no just reason for delay," *Novick*, 642 F.3d at 310 (internal quotation marks omitted), "the court must provide a 'reasoned,' even if brief, 'explanation' of its considerations," taking into "account . . . both the policy against piecemeal appeals and the equities between or among the parties," *id.* (quoting *Harriscom [Svenska AB v. Harris Corp.]*, 947 F.2d [627, . . .] 629) [(2d Cir. 1991)]. "It [i]s therefore proper for the District Judge . . . to consider such factors as whether the claims under review [a]re separable from the others remaining to be adjudicated and whether the nature of the claims already determined [i]s such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Curtiss-Wright*, 446 U.S. at 8. "In applying these principles," the Second Circuit has "repeatedly noted that the district court generally should not grant a Rule 54(b) certification if the same or closely related issues remain to be litigated," and that "[i]t does not normally advance the interests of sound judicial administration or efficiency to have piecemeal appeals that require two (or more) three-judge panels to familiarize themselves with a given case in successive appeals from successive decisions on interrelated issues." *Novick*, 642 F.3d at 311 (internal quotation marks omitted) (citing *Harriscom*, 947 F.2d at 629, 631). "Finally, . . . it is incumbent upon a party seeking immediate relief in the form of a Rule 54(b) judgment to show not only that the issues are sufficiently separable to

> avoid judicial inefficiency but also that the equities favor entry of such a judgment." *Id.* at 314.

*In re Vivendi Universal, S.A., Securities Litigation,* No. 02 CIV. 5571(RJH), 2012 WL 362028, at *2 (S.D.N.Y. Feb. 6, 2012) (footnote omitted);

**WHEREAS,** judicial efficiency favors entry of a Rule 54(b) judgment now as to the 2001 tax year. There are already two appeals with respect to the 2001 tax year pending before the District Court. (*See* ECF No. 759 (Notice of Appeal); ECF No. 712 (Notice of Appeal). If a Rule 54(b) judgment on the 2001 tax liability of the Estate and the Debtor individually is materially delayed, there almost certainly will be piecemeal appeals. That is the very evil that Rule 54(b) seeks to avoid. On the other hand, no matters remain pending before this court that would cause this (or any) court to revisit either the 6/1/2012 Decision or the Prior Decisions;

**WHEREAS,** the equities between the parties also favor entry of a Rule 54(b) partial final judgment. Relevant taxes for the 2001 tax year have been in contest since 2002. Moreover, the Connecticut Department of Revenue Services (the "DRS") is expected to claim additional 2001-year individual income tax. As Connecticut is a "piggyback" State, the DRS cannot finalize any claim in that regard until the federal tax amount for 2001 is finalized. Further, it appears that the remaining amount in the Escrow Account established pursuant to the Stipulation and Order of July 16, 2001 (estimated at $360,000) is not sufficient fully to pay the Debtor's 2001-year individual income tax liability to the IRS alone, exclusive of interest, let alone the combined federal and State liabilities. Accordingly, the tax authorities will have to seek to collect those tax debts from other sources. Therefore, it is in the interest of justice to expedite a final resolution of the issues by requiring appeals, if any, to be commenced shortly. It also is in the best interest of the Debtor to clear up

expeditiously any uncertainty concerning his own individual year 2001 tax liabilities. Finally, the Debtor has appealed this Court's denial of his motion to enjoin the IRS from collecting his year 2001 tax liabilities from sources other than the Escrow Account and his motion was based partly on the contention that there was not yet a final judgment with respect to said year 2001 tax liabilities. (*See* ECF No. 712.);

**WHEREAS,** for the foregoing reasons, the court determines that this is an "'infrequent harsh case' where there exists ' . . . [a] danger of hardship or injustice through delay which would be alleviated by immediate appeal'," *L.B. Foster Co. v. Am Piles, Inc.,* 138 F. 3d 81, 86 (2d Cir. 1998) (citations omitted);

**NOW THEREFORE,** it hereby is **ORDERED** that the above-referenced motions filed by the IRS are granted and the above-referenced objections filed by the Debtor are overruled, all for the reasons and to the extent stated herein; and it is further

**ORDERED** that a separate partial final Rule 54(b) judgment/order consistent herewith shall issue.

Dated: July 3, 2012                          BY THE COURT

                                                  Lorraine Murphy Weil
                                                  Chief United States Bankruptcy Judge